UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XIAMIN ZENG,

                Plaintiff,

-against-

CITY OF NEW YORK, *et al.*,

                Defendants.

20-CV-0451 (MKV)

ORDER OF SERVICE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/25/2020

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated her rights. By order dated February 6, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff's claims arise out of her January 24, 2019, and March 4, 2019 arrests, and her subsequent detention on Rikers Island. The Court liberally construes the amended complaint as

asserting the following claims: (1) Detective Estavillo falsely arrested Plaintiff; (2) Captain Dennis Gray, Deputy Inspector Rhonda O'Reilly Bovell, Detective Patrick Lynaugh retaliated against her by not arresting the father of her child; (3) John and Jane Doe correction officers violated her rights during her detention at Rikers Island; (4) New York City Administration of Children's Services (ACS) Child Protective Specialist Eunice Iwenofu and ACS lawyer, Rachelle Soku initiated her arrest; and (5) Principal Karen Feuer and Secretary Rosalynn Sanchez, administrators at her son's school, P.S. 110 on the Lower East Side, initiated an ACS investigation, resulting in her arrest.

Plaintiff also names as defendants the City of New York, ACS Commissioner David Hansell, and ACS Supervisor Beatrice Benon ("City Defendants"). Although Plaintiff does not allege any facts regarding the City Defendants' personal involvement, because she states that she filed a notice of claim with the City of New York, the Court construes the complaint as asserting state-law claims against these defendants.

Finally, Plaintiff amended her complaint on February 19, 2020 (ECF No. 4) to name Gregory Russ, the Chair and the Chief Executive Officer of the New York City Housing Authority (NYCHA), and Vito Mustaciuolo, the General Manger of NYCHA. Therein, Plaintiff asserted that she learned from ACS Child Protective Specialist Iwenofu that "NYCHA had caused the negligence and retaliation of all other Defendants [sic] city agencies against Plaintiff." (ECF No. 4 at 14.)

## DISCUSSION

**A.     Leave to Amend: Captain Dennis Gray, Deputy Inspector Rhonda O'Reilly Bovell, Detective Patrick Lynaugh**

Plaintiff alleges that Gray, Bovell, and Lynaugh did not arrest the father of her child, in retaliation against her. To the extent Plaintiff sues these defendants, seeking their arrest, Plaintiff

2

is not entitled to such relief. An individual generally does not have an interest protected by the Fourteenth Amendment Due Process Clause to request that "someone else [be] arrested for a crime." *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2005). Put simply, Plaintiff cannot initiate the arrest or prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). And a prosecutor's discretionary authority to bring criminal actions is "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

District courts should grant a self-represented plaintiff an opportunity to amend her complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it is not apparent from the face of the complaint that amendment would be futile, the Court grants Plaintiff 60 days' leave to file a second amended complaint to assert any facts showing that Gray, Bovell, and Lynaugh violated her rights.

**B.     Leave to Amend: Gregory Russ and Vito Mustaciuolo**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

3

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.

Plaintiff does not allege any facts showing how Defendants Russ and Mustaciuolo were personally involved in the events underlying her claims. The Court therefore grants her leave to amend her claims against these defendants to state facts any showing how *these defendants* violated her rights.

**C.   Order of Service: Hansell, Benon, Iwenofu, Soku, Feuer, Sanchez, and the City of New York**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the

information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Hansell, Benon, Iwenofu, Soku, Feuer, Sanchez, and the City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**D.**     *Valentin* **Order: Detective Estavillo**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York City Police Department (NYPD) to provide Detective Estavillo's service address. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the NYPD, must ascertain the address where this defendant may be served. The Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, the Court will issue an order directing the Clerk of Court to complete the USM-285 forms with Estavillo's address and deliver all documents necessary to effect service to the U.S. Marshals Service.

**E.      Waiver of Service: John and Jane Doe Correction Officers**

The Clerk of Court is directed to notify the New York City Department of Correction of this order. The Court requests that the following correction officers stationed at the Rose M. Singer Center on Rikers Island waive service of summons: Supervisor Shield #1777, Correction Officer Shield #11210; Correction Officer Shield #1104; and Correction Officer Shield #8906.

**F.      Leave to Amend Instructions**

Because Plaintiff may be able to allege additional facts to state valid claims against Gray, Bovell, Lynaugh, Russ, and Mustaciuolo the Court grants Plaintiff 60 days' leave to file a second amended complaint to detail these claims.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the second amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's second amended complaint must:

1. give the names and titles of all relevant persons;

2. describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

3. give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

4. give the location where each relevant event occurred;

5. describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

6. state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's second amended complaint must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is

entitled to relief. **Because Plaintiff's second amended complaint will completely replace, not supplement, the amended complaint, any facts or claims that Plaintiff wishes to maintain must be included in the second amended complaint.**

The Court strongly encourages Plaintiff to contact the **New York Legal Assistance Group's (NYLAG) Legal Clinic for Pro Se Litigants in the Southern District of New York**, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court. A copy of the flyer with details of the clinic is attached to this order.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

Plaintiff is granted leave to file a second amended complaint that complies with the standards set forth above. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 20-CV-0451 (MKV). A Second Amended Complaint form is attached to this order.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Hansell, Benon, Iwenofu, Soku, Feuer, Sanchez, and the City of New York, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is also directed to mail a copy of this order and the amended complaint to the New York City Law Department at: 100 Church Street, New York, NY 10007.

The Clerk of Court must also electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that

Defendants Supervisor Shield #1777, Correction Officer Shield #11210; Correction Officer Shield #1104; and Correction Officer Shield #8906 waive service of summons.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: February 25, 2020
       New York, New York

                                                MARY KAY VYSKOCIL
                                                United States District Judge

# DEFENDANTS AND SERVICE ADDRESSES

1. Commissioner David Hansell
   Administration for Children's Services
   150 William Street
   New York, NY 10038

2. Beatrice Benon, Supervisor
   Administration for Children's Services
   150 William Street
   New York, NY 10038

3. Eunice Iwenofu
   Child Protective Specialist
   Administration for Children's Services
   150 William Street
   New York, NY 10038

4. Rachelle Soku, Esq.
   Administration for Children's Services
   150 William Street
   New York, NY 10038

5. Principal Karen Feuer
   PS 110
   285 Delancey Street
   New York, NY 10002

6. Rosalynn Sanchez
   PS 110
   285 Delancey Street
   New York, NY 10002

7. City of New York
   Law Department
   100 Church Street
   New York, NY 10007