UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XIAMIN ZENG,

                Plaintiff,

      -against-

CITY OF NEW YORK, et al.,

                Defendant(s).

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/30/2020

20-CV-00451 (MKV)

ORDER OF SERVICE

MARY KAY VYSKOCIL, United States District Judge:

      Plaintiff, appearing pro se, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated her rights. By order dated February 6, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis (IFP). By order dated, February 24, 2020, the Court dismissed portions of Plaintiff's complaint, but granted leave to amend against those defendants. The Court otherwise ordered the U.S. Marshals Service to effect service on the properly named Defendants. Plaintiff filed a Second Amended Complaint on September 25, 2020. *See* ECF No. 18.

      Plaintiff's Second Amended Complaint names seventeen Defendants. First, Plaintiff names the City of New York. Second, Plaintiff names several individuals who worked at the Rikers Island Rose M. Singer Center, specifically "Captain Supervisor Nembhard Shield #1777," "Correction Officer Martinez Shield #11210," "Correction Officer Shield #1104," and "Correction Officer Jean Shield #8906" (the "Rikers Defendants"). Third, Plaintiff names several Defendants employed by the New York City Police Department, specifically "Detective Estavillo Shield #5352, Tax No. 922310," "Captain Dennis E. Gray, "Deputy Inspector Rhonda O'Reilly Bovell," and "Detective Patrick Lynaugh," (the "NYPD Defendants"). Fourth, Plaintiff names two Defendants affiliated with the New York City Housing Authority, Gregory Russ and

Vito Mustaciuolo (the "NYCHA Defendants"). Finally, Plaintiff renames individual Defendants Iwenofu, Benon, Soku, Hansell, Feuer, and Sanchez, all of whom were subject to the Court's first order of service.

## DISCUSSION

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the Rikers Defendants waive service of summons.

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant(s) Gray, Bovell, Lynaugh, Russ, and Mustaciulo through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). First, following the Court's initial order of service on Defendant Iwenofu, the Marshals Service reported that service could not be effected. *See* ECF No. 24. In the complaint, Plaintiff supplies sufficient information to permit the New York City Law Department to identify an appropriate service address for Defendant Iwenofu. The New York City Law Department is ordered to provide to the Court an appropriate service address for Defendant Iwenofu within 60 days. Second, within 60 days, the New York City Law Department is ordered to consult with the New York Police Department and to identify an address at which Defendant "Estavillo Shield # 5352, Tax No: 922310 Detective QJCS T: 718-291-8695" may be served. Finally, within 60 days, the New York City Law Department is ordered to identify the full name of each of the Rikers Defendants and NYPD Defendant Estavillo in the same response.

In order to allow time for the New York City Law Department to comply with this Order and for the Marshals Service to serve the Defendants, briefing on Defendants' anticipated motion to dismiss is stayed pending further order of the Court.

**CONCLUSION**

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the Rikers Defendants waive service of summons.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Gray, Bovell, Lynaugh, Russ, and Mustaciulo and deliver all documents necessary to effect service to the U.S. Marshals Service.

The New York City Law Department is ordered to submit a letter to the Court containing the information requested herein within 60 days.  Briefing on Defendants' motion to dismiss is stayed pending the response.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and to Lillian P. Wesley, the attorney for Defendants.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: November 30, 2020
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　MARY KAY VYSKOCIL
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Dennis E. Gray
   Captain NYPD-PSA 4
   130 Ave C,
   New York, NY 10009

2. Rhonda O'Reilly Bovell
   Deputy Inspector
   NYPD-7th Precinct
   19 1/2 Pitt Street,
   New York, NY 10002

3. Patrick Lynaugh
   Detective NYPD-7th Precinct
   19 1/2 Pitt St,
   New York, NY 10002

4. Gregory Russ
   NYCHA
   90 Church Street,
   New York, NY 10007

5. Vito Mustaciuolo
   NYCHA
   90 Church Street,
   New York, NY 10007