UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XIAMIN ZENG,

                Plaintiff,

*vs.*

THE CITY OF NEW YORK, et al.,

                Defendant.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

20-CV-0451-MKV

## INTRODUCTION[1]

Plaintiff requests that the Court deny the Defendant's motion to dismiss. In construing Plaintiff's response, Plaintiff asks that the Court read any new additional facts asserted in this opposition brief as supplementing the operative complaint, as the Court may do with pro se litigants. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (overturning the district court's grant of dismissal where the complaint and opposition papers to a motion to dismiss when combined stated a claim upon which relief could be granted).

Plaintiff brings this action for compensatory damages and other fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, namely, false imprisonment and subsequent malicious prosecution on or around January 24 to January 31, 2019 and March 4 to March 5, 2019. In Defendant's brief in support of Motion to

---

[1] "Portions of this document were prepared with assistance from the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the SDNY."

Dismiss, six arguments were made: (1) probable cause existed Plaintiff cannot establish a false arrest claim as a matter of law; (2) defendant Estavillo is entitled to qualified immunity for arresting Plaintiff based on warrants issued by the family court; (3) Plaintiff cannot establish a claim for a violation of any federal constitutional right pursuant to 42 U.S.C. S 1983; (4) the complaint fails to state a first amendment retaliation claim against the ACS defendants and NYPD defendants; (5) Plaintiff fails to state a claim against the DOE defendants; (6) Plaintiff fails to allege facts to support a claim of municipal liability and (7) any alleged state-law claims are time-barred.

Plaintiff respectfully submits this response in opposition to Defendants' motion to dismiss.

**FACTS**

Plaintiff notes that the Court has the operative complaint which sets out the relevant facts. Plaintiff refrains from unnecessarily re-stating those same facts here. However, Plaintiff notes that the memorandum of law in support of the motion to dismiss misstates the allegations in the complaint. To ensure clarity, Plaintiff notes the following misstatements and omissions in the memorandum of law.

1. Misstatement: Including a September 27, 2018 order which directed Plaintiff to, among other things, fully cooperate with ACS, including allowing both announced and unannounced home visits and to fully cooperate with a mental health evaluation by the Family Court Mental Health Services.
    a. Correction: Throughout 2018, during the home visits, Plaintiff was harassed by ACS staff to dismiss 17-cv-9988, instead of discussing the

      harassment Plaintiff's son received at school or any child neglect behaviors alleged by ACS. Plaintiff never received proper guidance on the mental health evaluation by the Family Court Mental Health Services for ACS.

2. Misstatement: Plaintiff alleges that the DOC Defendants verbally harassed her, but makes no allegations that the alleged harassment caused any injury, let alone an appreciable injury.

    a. On or about 7am January 28, 2019, Defendants jail guards repeatedly told the others in the jail bus that Plaintiff was different from them, civil case, not criminal, so the others shouted at Plaintiff, "fuck the Asian bitch, fuck the chink, fuck off, bullshit." The harassment caused great emotional distress and psychological trauma for Plaintiff.

3. Even if Plaintiff could plead a sufficiently serious condition, she does not allege that any defendant was "deliberately indifferent" to these conditions in that they "knew, or should have known, that the condition posed an excessive risk to [the] health or safety" of Plaintiff.

    a. Defendants were deliberately indifferent to Plaintiff's serious conditions. Plaintiff explicitly told the guards to "give me water, give me food, I have asthma, I can't breathe, my ears are hurting, I am feeling dizzy, my heart is hurting, I want to throw up. I am very sick, and I must be seeing a doctor." Knowing that Plaintiff may have underlying conditions, Defendant Nembhard and some other

        Defendants not only didn't give Plaintiff any food and water, but also didn't allow Plaintiff to see a doctor until she lost consciousness.

4. Misstatement: Plaintiff does not allege that she was deterred from exercising her right to litigate her lawsuit in Case No. 17- cv-9988, nor does she allege that she was deterred from exercising her right to file and prosecute the instant lawsuit or any other lawsuit.

   a. Correction: On or about 12 pm, January 24, 2019, Plaintiff was waiting in the courtroom. Defendants Iwenofu and Sokul questioned Plaintiff about case 17-cv-9988 and shouted at Plaintiff, "You must dismiss the case against ACS or you'll get into trouble. We didn't allow Linda Povman to continue to be your lawyer, and we didn't allow Trisha Foster to continue to be your son's lawyer, because they testified that your son was injured in this IDV Courtroom E-123 meeting room. The judge Elisa Koenderman was very angry, that you sued ACS and NYCHA, also involved her."

## ARGUMENT

Here, the defendants have raised various arguments against the causes of action Plaintiff alleged under federal and state law. Plaintiff asks the Court to construe the complaint liberally in considering its ruling. Plaintiff does not intend to waive or forfeit any of Plaintiff's causes of action.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny the motion to dismiss.

Dated: 3/29/2021

By: _____
Xiamin Zeng
Plaintiff *Pro Se*
110 Columbia Street, Apt 1A
New York, NY 10002
E: amyzane77@gmail.com

To:   VIA E-MAIL
Lillian P Wesley
*Attorney for Defendants*
New York City Law Department
100 Church Street,
New York, New York 10007