UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XIAMIN ZENG,

                Plaintiff,

    v.

THE CITY OF NEW YORK, et al.,

                Defendants.

Index No. 20-cv-00451 (MKV)

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS GREG RUSS AND VITO MUSTACIUOLO'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

          LISA BOVA-HIATT
          Executive Vice President for Legal Affairs
          and General Counsel
          New York City Housing Authority
          Attorney for Defendants Gregory Russ and
          Vito Mustaciuolo
          90 Church Street, 11th Floor
          New York, New York 10007

Sean-Patrick Wilson
Lauren L. Esposito,
      Of Counsel

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF FACTS .................................................................................................3

    A. Plaintiff Asserts Vague and Unspecified Allegations that
       Defendants Russ & Mustaciuolo "caused" all City Defendants
       to Retaliate Against Her ...........................................................................................3

    B. Plaintiff's Allegations of Discrimination & Retaliation Related
       to her NYCHA Employment Are Duplicative of Claims Pending
       in a Separate Action in this Court ............................................................................3

    C. Plaintiff's Vague Allegations About the Poor Condition of
       Her Apartment & Her Request for an Emergency Transfer .....................................5

ARGUMENT ......................................................................................................................5

  I. THE COMPLAINT FAILS TO STATE
     A CLAIM UNDER 42 USC 1983 ..............................................................................5

    A. Legal Standard .........................................................................................................5

    B. The Complaint Fails To Plausibly Allege Violations By
       Defendants Russ and Mustaciuolo ..........................................................................6

  II. PLAINTIFF'S ALLEGATIONS OF DISCRIMINATION AND
      RETALIATION RELATED TO HER NYCHA EMPLOYMENT AND
      TERMINATION SHOULD BE DISMISSED AS DUPLICITIVE OF
      A PRIOR PENDING FEDERAL ACTION ............................................................10

CONCLUSION ................................................................................................................13

# TABLE OF AUTHORITIES

**page**

**Federal Cases**

*Adam v. Jacob*,
   950 F.2d 89 (2d Cir. 1991) .................................................................................. 10

*Albert v. Carovano*,
   851 F.2d 561 (2d Cir.1988) ................................................................................... 9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ......................................................................................... 5, 6

*Barclay v Lowe*,
   131 Fed Appx 778 (2d Cir 2005) ........................................................................ 12

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ......................................................................................... 6, 8

*Bermudez v. City of New York*,
   783 F. Supp. 2d 560 (S.D.N.Y. 2011) ................................................................... 7

*Black v. Coughlin*,
   76 F.3d 72 (2d Cir. 1996) ...................................................................................... 7

*Curtis v. Citibank, N.A.*,
   226 F.3d 133 (2d Cir.2000) ..................................................................... 10, 11, 12

*DiGennaro v Whitehair*,
   467 Fed Appx 42 (2d Cir 2012) .......................................................................... 11

*Federated Dep't Stores, Inc. v. Moitie*,
   452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) ....................................... 12

*Harris v. NYU Langone Med. Ctr.*,
   2013 U.S. Dist. LEXIS 99328, (S.D.N.Y. July 9, 2013) ....................................... 6

*Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*,
   342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952) ............................................... 10

*Kraemer v Elmira Auto Paint Supplies, Inc.*,
   903 F Supp 315 (N.D.N.Y. 1995) ......................................................................... 8

*Kramer v Time Warner Inc.*,
   937 F.2d 767 (2d Cir 1991) ................................................................................ 10

*Leeds v. Meltz*,
   85 F.3d 51 (2d Cir.1996) ........................................................................................... 9

*Martin v. New York State Dep't of Mental Hygiene*,
   588 F.2d 371 (2d Cir.1978) ....................................................................................... 9

*O'Neill v Hernandez*,
   2010 WL 1257512 (S.D.N.Y. Mar. 25, 2010) ........................................................... 9

*Pacheco v. Home American*,
   2012 WL 254474 (N.D.N.Y Jan. 27, 2012) ............................................................ 10

*Reddington v. Staten Island Univ. Hosp.*,
   511 F.3d 126 (2d Cir.2007) ....................................................................................... 9

**Federal Statutes**

42 U.S.C. § 1983 ................................................................................................... Passim

**Federal Rules**

Federal Rule of Civil Procedure 12(b)(6) .............................................................. 1, 2, 5

**Other Authorities**

5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-236 (3d ed. 2004) ....... 6

**PRELIMINARY STATEMENT**

Defendants Gregory Russ and Vito Mustaciuolo (collectively, "Defendants Russ and Mustaciuolo") respectfully bring this motion to dismiss the Third Amended Complaint of Pro se Plaintiff Xiamin Zeng ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6) and because the claims are duplicative of a separate pending federal action.

Plaintiff's Third Amended Complaint (hereinafter, "the Complaint") asserts violations under 42 U.S.C. § 1983 and seeks $5,000,000.00 in damages for "physical abuse causing fainting, severe dehydration, hearing loss, physical illness, vomiting, emotional distress, pain and suffering" she allegedly suffered while incarcerated at Rikers Island in January and March 2019. Plaintiff, a current public housing tenant and a former employee of the New York City Housing Authority ("NYCHA"), asserts vague and unsubstantiated allegations that in order to "cover up" NYCHA's unspecified crimes against her and "avoid Federal investigation," Defendant Russ, NYCHA's Chair and CEO, and Defendant Mustaciuolo, NYCHA's General Manager, ordered all other defendants named in this action – a diverse group of public entities and/or servants that includes the City of New York, several individual NYPD and Correction Department officers, certain employees of ACS, a Child Protective Specialist, and both the Principal and Secretary of Plaintiff's son's school (PS 110) (collectively, "City Defendants")[1] – to retaliate and do "disgusting things" to Plaintiff, including the alleged physical abuse and emotional pain and suffering she endured while allegedly falsely imprisoned at Riker's Island.

Plaintiff's Complaint also vaguely and conclusorily alleges Defendants Russ and Mustaciuolo caused her request for an emergency transfer of her NYCHA public housing apartment to be denied, even though she was eligible for a prioritized transfer in light of her self-

---

[1] This office does not represent City Defendants in this action. On March 17, 2021, City Defendants filed a partial motion to dismiss the Third Amended Complaint. *See* Dkt. Nos 52-55.

identification as a victim of a crime and domestic violence. Plaintiff's pleading further alleges that Defendants Russ and Mustaciuolo caused disrepair to Plaintiff's apartment and provided the New York State Health Marketplace false information causing her and her son's medical insurance to be stopped after her employment with NYCHA had been terminated.[2]

All of Plaintiff's claims are defective and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Complaint fails to plead liability under 42 U.S.C. § 1983 against Defendants Russ and Mustaciuolo. Individuals cannot be liable under Section 1983 unless they are acting under color of state law and are personally involved in any alleged wrongful conduct. The Complaint not only fails to allege Defendants Russ and Mustaciuolo were acting under color of state law, but further fails to allege facts plausibly showing Defendants Russ and Mustaciuolo were personally involved in any alleged wrongful conduct of City Defendants. Moreover, the vague allegations of wrongdoing ostensibly attributable to Defendants Russ and Mustaciuolo – such as the denial of Plaintiff's request to transfer to a different public housing apartment, the disrepair of Plaintiff's apartment, falsely providing information to the NYS Health Marketplace, overcharging Plaintiff's rent, and the discrimination and retaliation related to Plaintiff's employment with NYCHA – fail to provide facts sufficient to plausibly show how Defendants Russ and Mustaciuolo were personally involved in any of these events or activities. Plaintiff's conclusory allegations that Defendants Russ and Mustaciuolo were involved in the alleged wrongful conduct referenced in the Complaint, untethered to any facts and borne purely from Plaintiff's speculation and conjecture, cannot prevent dismissal of her claims.

Separately, Plaintiff's claims of retaliation and/or discrimination related to her

---

[2] The Complaint also makes vague allegations that NYCHA – an entity that has not been named as a Defendant in this action – discriminated and retaliated against Plaintiff by, among other things, overcharging her rent after she filed an EEOC complaint and terminating her employment.

employment and subsequent termination as a NYCHA employee should also be dismissed as duplicative of claims currently pending in a separate Federal action.

For all of these reasons, Defendants Russ and Mustaciuolo respectfully request that the Court dismiss the Complaint in its entirety against them.

## STATEMENT OF FACTS

**A.  Plaintiff Asserts Vague and Unspecified Allegations that Defendants Russ & Mustaciuolo "caused" all City Defendants to Retaliate Against Her**

Plaintiff's Complaint makes various vague and unintelligible allegations about Defendants Russ and Mustaciuolo. After recounting her various visits to Rikers Island and her alleged false imprisonment there, discussing the bullying of her son at public school, and appearances related to a Family Court matter to which she is a party, Plaintiff alleges, without any factual support, "NYCHA's Top Executives CEO and Chair Gregory Russ and General Manager Vito Mustaciuolo [were] involved in all the retaliation against Plaintiff." Third Am. Comp. (Dkt. No. 46) ¶ 33. Interspersed throughout the Complaint Plaintiff realleges, without ever providing any factual basis to suggest it plausible, Defendants Russ and Mustaciuolo "caused" or "ordered" all City Defendants to "neglect" and "retaliate against" Plaintiff. *Id.* ¶¶ 37, 38, 48, 56, 57, 65, 67, 69, 70.

**B.  Plaintiff's Allegations of Discrimination & Retaliation Related to her NYCHA Employment Are Duplicative of Claims Pending in a Separate Action in this Court**

Plaintiff's Complaint acknowledges that in December 2018 she filed a separate action in this Court alleging discrimination against her former employer, NYCHA. *See* Third Am. Comp. (Dkt. No. 46) ¶ 65. In that action, now pending before Judge Hellerstein as Case No. 18-cv-12008 ("Employment Action"), Plaintiff alleges NYCHA discriminated against her based on her race, national origin, gender, and status as a victim of a crime and domestic violence by

3

subjecting her to a hostile work environment and retaliating against her for complaining about the discrimination she faced by wrongfully terminating her employment. *See* Declaration of Lauren L Esposito, dated April 9, 2021 ("Esposito Dec.") Exh. 2. In the Employment Action, Plaintiff alleges her supervisors failed to approve her time off to attend a court appearance (*see* Esposito Dec. Exh. 2 ¶ 35-40, 56-59); she was a victim of sexual assault while working at NYCHA (*see* Esposito Dec. Exh. 2 ¶ 26); and she endured racially discriminatory verbal abuse while employed at NYCHA (*see* Esposito Dec. Exh. 2 ¶ 67).

Plaintiff makes many of the same allegations in this action. She alleges her NYCHA supervisors did not approve her time off to attend a court appearance (*see* Third Am. Comp. ¶ 62), claims she was subjected to discrimination and verbal abuse while employed by NYCHA *(see id.* ¶ 47) and that NYCHA discriminated and retaliated against her because she reported others who made discriminatory comments to her and was a victim of sexual assault while working at NYCHA in September and November 2016. *See id.* ¶ 43, 47, 60, 68.

Plaintiff's Complaint also suggests non-party NYCHA overcharged her rent after she filed an EEOC complaint against NYCHA in August 2017 (*see id.* ¶ 58) and that after NYCHA terminated her employment "NYCHA's Top Executives" provided false information causing her and her son to lose their medical insurance. *See id.* ¶ 58, 59. Notably, all of the material facts related to this allegation – including, but not limited to (1) the names of the NYCHA top executives Plaintiff charges with providing false information (2) the date(s) on which the allegedly false information was provided; (3) the names of any recipients who were allegedly provided false information; (4) an explanation as to how or why the information provided by the unnamed NYCHA executives was "false"; (5) the causal connection between the provision of

4

allegedly false information and Plaintiff and her son losing their medical insurance, etc. – are conspicuously absent from the Complaint.

Plaintiff's Complaint also alleges NYCHA, who is not named as a party in this action, is "very afraid of Plaintiff's Federal lawsuit," "wants to shut Plaintiff up," and "hired their high-paying law firm Wilmer Hale to pretend [to be] Plaintiff's attorney to dismiss Plaintiff's Federal suit 17-cv-9988 against ACS." *Id.* ¶¶ 39, 40, 42.[3]

## C. Plaintiff's Vague Allegations About the Poor Condition of Her Apartment & Her Request for an Emergency Transfer

Plaintiff also vaguely alleges Defendants Russ and Mustaciuolo "deliberately disrepair[ed] her apartment" and that they failed to "transfer Plaintiff to a safety housing project" even though "she had met the requirements for an emergency transfer[]" therefore "intentionally placing" Plaintiff and her family in danger. Third Am. Comp (Dkt. No. 46) ¶ 55, 56.

## ARGUMENT

## POINT I

## THE COMPLAINT FAILS TO STATE A CLAIM UNDER 42 USC 1983

### A. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual

---

[3] Plaintiff suggests Wilmer Hale had a conflict of interest by representing Plaintiff because the firm represents NYCHA in a separate action. *Id.* ¶ 34. However, based on the docket for that action, *Zeng v. Augustin, Patch, Hartman*, Case No. 17-cv-9988, Plaintiff appeared pro se and her claims were dismissed by Judge Furman when he granted defendant's motion to dismiss not, as Plaintiff alleges, based on any action of a law firm posing to act as Plaintiff's attorney, but rather on the grounds that she cannot maintain a due process claim because she was never denied custody of her son and she alleged no facts to support any race based discrimination under Sections 1985 and 1986. *See* Mem. Opinion and Order, dated March 20, 2019 in *Zeng v. Augustin, Patch, Hartman*, Case No. 17-cv-9988 (Dkt No. 55).

5

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level. . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-236 (3d ed. 2004)).

Although the submissions of a pro se plaintiff are to be construed "'liberally'" and "'interpreted to raise the strongest arguments that they suggest,'" pro se status "'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Harris v. NYU Langone Med. Ctr.*, 2013 U.S. Dist. LEXIS 99328, at *28-29 (S.D.N.Y. July 9, 2013) (citations omitted). "A pro se complaint, like any other, 'must state a plausible claim for relief.'" *Id.* at *29 (citation omitted).

**B.     The Complaint Fails To Plausibly Allege Violations
        By Defendants Russ and Mustaciuolo**

In its Order dated February 25, 2020, this Court stated Plaintiff's initial complaint "[did] not allege any facts showing how Defendants Russ and Mustaciuolo were personally involved in the events underlying her claims," but granted Plaintiff leave to amend her claims against Defendants Russ and Mustaciuolo to state how these individual defendants violated her rights. *See* Order dated February 25, 2020 (Dkt. No. 6). Although Plaintiff has subsequently amended her complaint *three times* since this Court's February 2020 Order, and has therefore had ample opportunity to cure any deficiencies to her pleading, the operative Third Amended Complaint still fails to allege facts showing Defendants Russ and Mustaciuolo's personal involvement in events that underly her claims.

At the outset, it should be noted the Complaint is bereft of any allegations even impliedly suggesting Defendants Russ and Mustaciuolo were acting under the color of state law at any time material to this lawsuit. To state a claim under 42 U.S.C. Section 1983 against individual

6

defendants, the complaint must allege that: "(1) the Individual Defendants were acting under color of state law, and (2) the Individual Defendants' conduct deprived [plaintiff] of a constitutional or a federal statutory right." *Bermudez v. City of New York*, 783 F. Supp. 2d 560, 574-75 (S.D.N.Y. 2011). In the absence of these allegations, the Complaint fails to sufficiently allege a violation of Section 1983 against Defendants Russ and Mustaciuolo and should be dismissed.

Even if the Complaint could be construed as attempting to state a Section 1983 claim against Defendants Russ and Mustaciuolo, it fails to allege facts plausibly showing that they are liable for any alleged violation. Individuals may only be held liable under section 1983 for their personal involvement in alleged wrongful conduct, which must be evidenced by (1) their direct participation in the alleged discriminatory act; (2) their failure to remedy the alleged wrong after learning of it; (3) their creation or maintenance of a policy under which unconstitutional acts occurred; (4) their gross negligence in managing subordinates who committed the unconstitutional acts; or (5) their deliberate indifference by failing to act on information indicating that unconstitutional acts were occurring. *See Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).

Plaintiff conclusorily states Defendants Russ and Mustaciuolo (i) "were involved in all the retaliation against plaintiff" (Third Am. Comp. (Dkt. No. 46) ¶ 33); (ii) "caused all other Defendants City and its [e]mployees neglected and retaliating against Plaintiff" (*id.* ¶¶ 37, 38); (iii) "led all the reprisals against Plaintiff" (*id.* ¶ 57); and (iv) "lead and involved in all other City Agencies retaliation against Plaintiff" (*id.* ¶ 65). These allegations fail to provide any sufficient factual matter to allow the Court to draw the reasonable inference Defendants Russ and Mustaciuolo were personally involved and therefore liable for any constitutional violations City

Defendants allegedly committed against Plaintiff. Notably, Plaintiff fails to allege any matters of fact that would serve to support a reasonable inference that Defendants Russ and Mustaciuolo were personally involved in any of the misconduct alleged in her Complaint, or that any of the alleged constitutional violations committed by City Defendants can be fairly attributed to either Defendant Russ or Mustaciuolo in their individual capacities, via agency principles or otherwise. *See Twombly*, 550 U.S. at 555. Indeed, while Plaintiff alleges Defendants Russ and Mustaciuolo are "Top Executives at NYCHA," she does not allege whether or to what extent Defendants Russ and Mustaciuolo, in their official or unofficial capacities as NYCHA executives, act to control or supervise City Defendants (including NYPD Detectives, Rikers Corrections Officers, Staff at the Department of Education and ACS and the BOE). As neither the scope nor nature of an inter-governmental master-servant relationship existing between Defendants Russ and Mustaciuolo and City Defendants is ever alleged in the Complaint, let along plausibly explained, it remains unclear how or why Defendants Russ and Mustaciuolo would be considered: (i) grossly negligent in managing any of the City Defendants who allegedly committed unconstitutional acts against Plaintiff (ii) responsible for creating or maintaining the policies under which these unconstitutional acts occurred; (iii) or otherwise transitively liable for failing to remedy the City Defendants' alleged wrongs (or being grossly indifferent to them).

Plaintiff's Complaint conclusorily states Defendants Russ and Mustaciuolo "deliberately disrepair [sic]" her apartment and gave false information to the New York State Health Marketplace. *See* Third Am. Comp. ¶ 56, 59. However, these statements lack any specific factual allegations to meet the necessary pleading standards. *See Kraemer v Elmira Auto Paint Supplies, Inc.*, 903 F Supp 315, 317 (N.D.N.Y. 1995) ("naked allegations that are too conclusory

cannot survive a motion to dismiss.") (citing *Albert v. Carovano,* 851 F.2d 561, 572 (2d Cir.1988) and *Martin v. New York State Dep't of Mental Hygiene,* 588 F.2d 371 (2d Cir.1978)).

Plaintiff also makes the bald assertion Defendants Russ and Mustaciuolo "deliberately fail[ed]" to grant Plaintiff an emergency transfer of her NYCHA public housing apartment even though she was eligible for transfer as a victim of a crime and domestic violence. *See* Third Am. Comp (Dkt. No. 46) ¶ 55. Plaintiff's allegations fail to comply with the pleading requirements of *Iqbal* because they lack any specific factual allegations attributing improper conduct to Defendants Russ and Mustaciuolo. It is well settled "bald assertions and conclusions of law that are wholly lacking in specific factual support… are insufficient to defeat a motion to dismiss." *O'Neill v Hernandez*, 08CIV1689 (KMW), 2010 WL 1257512, at *10 (S.D.N.Y. Mar. 25, 2010) citing *Reddington v. Staten Island Univ. Hosp.,* 511 F.3d 126, 131 (2d Cir.2007); *Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir.1996).

Plaintiff fails to state any facts showing Defendants Russ and Mustaciuolo were personally involved in any of the allegations pertaining to her allegations of discrimination or retaliation related to her NYCHA employment and subsequent termination or overcharge of her rent. Instead, Plaintiff's allegations about the rent overcharge and termination of her employment involve the actions of a non-party (NYCHA), not Defendants Russ and Mustaciuolo.[4] *See* Third Am Comp. (Dkt. No. 46) ¶ 43, 58, 60 ("NYCHA's neglect[] and retaliating against Plaintiff who was a sexual assault victim at NYCHA workplace in Sept. and Nov. 2016 and as a domestic violence victim at NYCHA housing project." "NYCHA job discriminated against [Plaintiff] as a domestic violence victim, racial discrimination and sexual assault at the workplace."). Because Plaintiff failed to assert any allegations that Defendants

---

[4] Moreover, as explained below in Point II, these allegations are duplicative of Plaintiff's claims in a separate pending federal proceeding, and therefore – in the interest of judicial economy and avoiding inconsistent outcomes – unripe for adjudication in this action.

9

Russ and Mustaciuolo were personally involved in any rent overcharge or discrimination or retaliation related to her employment at NYCHA and subsequent termination, she has failed to meet the pleading requirements of *Iqbal*.

Therefore, all allegations against Defendants Russ and Mustaciuolo should be dismissed.

**POINT II**

**PLAINTIFF'S ALLEGATIONS OF DISCRIMINATION AND RETALIATION RELATED TO HER NYCHA EMPLOYMENT AND TERMINATION SHOULD BE DISMISSED AS DUPLICITIVE OF A PRIOR PENDING FEDERAL ACTION**

Plaintiff vaguely alleges non-party NYCHA discriminated against her based on her race and status as a victim of a crime and domestic violence. *See* Third Am. Comp. (Dckt. No. 46) ¶ 60. However, this claim should be dismissed as duplicative of claims pending in a separate federal action before Judge Hellerstein of this Court. *See* Esposito Dec. Exh. 2 (Complaint in *Xiamin Zeng v. NYCHA*. Case No. 18-cv-12008 (AKH)).[5] "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.,* 226 F.3d 133, 138 (2d Cir.2000). "The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the 'comprehensive disposition of litigation.'" *Pacheco v. Home American*, 2012 WL 254474 (N.D.N.Y Jan. 27, 2012) (citing *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952)).[8] The doctrine is also meant to protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacob,* 950 F.2d 89, 93 (2d Cir. 1991).

---

[5] This court may take judicial notice of the pleadings filed in the Employment Action to establish the fact of that litigation and its related filings. *See Kramer v Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir 1991) ("courts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings").

In her prior and pending federal Employment Action Plaintiff alleges, among other things, NYCHA discriminated against her based on her race and status as a victim of domestic violence and terminated Plaintiff's employment in retaliation for her requesting a transfer to a different work location following a reported incident of workplace harassment and sexual assault. *See* Esposito Dec. Exh. 2. The Complaint in this action also alleges discrimination and retaliation related to Plaintiff's NYCHA employment (*see* Third Am. Comp. ¶ 60) and repeats many of the same allegations made in her Employment Action. She alleges while employed at NYCHA her supervisors allegedly failed to approve her time off to attend a court appearance (*compare* Third Am. Comp. ¶ 62 *with* Esposito Dec. Exh. 2 ¶ 35-40, 56-59); she was a victim of sexual assault while working at NYCHA (*compare* Third Am. Comp. ¶ 60, 68 *with* Esposito Dec. Exh. 2 ¶ 26); and she endured racially discriminatory verbal abuse while employed at NYCHA (*compare* Third Am. Comp. ¶ 47 *with* Esposito Dec. Exh. 2 ¶ 67). This court should dismiss these claims as duplicative of the claims pending in her Employment Action. *See Curtis,* 226 F.3d at 138.

This Court is not barred from dismissing these claims as duplicative even though Plaintiff identifies NYCHA as a named defendant in the Employment Action but only names NYCHA's executives Russ and Mustaciuolo as individual defendants in the instant action because as NYCHA employees Defendants Russ and Mustaciuolo are in privity with NYCHA and the adjudication of the claims, if asserted against Defendants Russ and Mustaciuolo, would involve findings on the same facts at issue in the Employment Action. *See DiGennaro v Whitehair*, 467 Fed Appx 42, 44 (2d Cir 2012) ("the district court did not abuse its discretion in determining that the second action was duplicative of the first" even though individual defendant Whitehair was not named in the first action because "[a]djudication of the claims against Whitehair would

11

necessarily involve findings on the exact same facts required to resolve the claims in the first action" and Whitehair is in privity with Town defendant named in the original complaint as an employee of the Town); *Barclay v Lowe*, 131 Fed Appx 778, 779 (2d Cir 2005) (finding district court properly exercised discretion by dismissing suit as duplicative of a prior pending federal action based on the same claims even though Plaintiff "named different defendants in the second suit than in the first, the suits are nonetheless duplicative because the defendants in the second suit are in privity with the defendants in the first suit.").

Plaintiff's Complaint also vaguely asserts she was overcharged rent "after her lawyer filed a[n] EEOC complaint against NYCHA in August 2017" and that, after termination of her NYCHA employment, her and her son's medical insurance was stopped because of false information provided to the New York State of Health Marketplace. Third Am. Comp. ¶ 58, 59. Although the Employment Action does not assert Plaintiff's claim of a rent overcharge or the loss of her son's medical insurance, these allegations should also be dismissed because Plaintiff alleges they were caused by the same facts -- workplace discrimination and termination of her NYCHA employment – and therefore she could have brought these claims in her Employment Action. *See Barclay v Lowe*, 131 Fed Appx 778, 779 (2d Cir 2005) (finding district court did not abuse its discretion for dismissing claims as duplicative where claims could have been presented in a prior action reasoning the same standard applies as in claim preclusion that "'precludes the parties or their privies from relitigating issues that were or could have been raised in [the first] action' ") (quoting *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)); *Curtis v Citibank, N.A.*, 226 F3d 133, 140 (2d Cir 2000) (finding trial court did not abuse its discretion in dismissing claims as duplicative where the claims asserted "aris[e]

out of the same events as those alleged" in a prior action reasoning those claims "would have been heard if plaintiffs had timely raised them.").

Accordingly, any purported claims of discrimination, retaliation (including rent overcharge and providing false information to the NYS Health Marketplace), or improper termination related to Plaintiff's employment with NYCHA should be dismissed as duplicative of the claims asserted in her prior federal action now pending before Judge Hellerstein.

## CONCLUSION

For the reasons set forth above, Defendants Russ and Mustaciuolo respectfully request the Court grant their motion and dismiss the Complaint in its entirety as to them, deny the relief requested in the Complaint as to them, and grant them such other and further relief as it deems just and proper.

Dated: New York, New York
April 9, 2021

                                          LISA BOVA-HIATT
                                          Executive Vice President of Legal Affairs
                                          and General Counsel
                                          New York City Housing Authority
                                          Attorney for Defendants Gregory Russ and
                                          Vito Mustaciuolo
                                          90 Church Street, 11th floor
                                          New York, New York 10007
                                          Tel. No.: (212) 776-5020

                            By: _____
                                          Lauren L. Esposito
                                          Lauren.Esposito@nycha.nyc.gov

Sean-Patrick Wilson
Lauren L. Esposito,
    Of Counsel