UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XIAMIN ZENG,

                Plaintiff,

*vs.*

THE CITY OF NEW YORK, et al.,

                Defendant.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

20-CV-0451-MKV

# **INTRODUCTION**[1]

Plaintiff requests that the Court deny the Defendant's motion to dismiss. In construing Plaintiff's response, Plaintiff asks that the Court read any new additional facts asserted in this opposition brief as supplementing the operative complaint, as the Court may do with pro se litigants. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (overturning the district court's grant of dismissal where the complaint and opposition papers to a motion to dismiss when combined stated a claim upon which relief could be granted).

Plaintiff brings this action for compensatory damages and other fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her civil rights, namely, false imprisonment and subsequent malicious prosecution on or around January 24 to January 31, 2019 and March 4 to March 5, 2019. In Defendant's brief in support of Motion to

---

[1] "Portions of this document were prepared with assistance from the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the SDNY."

Dismiss, two arguments were made: (1) the complaint fails to state a claim under 42 USC 1983 and (2) plaintiff's allegations of discrimination and retaliation related to her NYCHA employment and termination should be dismissed as duplicative of a prior pending federal action.

Plaintiff respectfully submits this response in opposition to Defendants' motion to dismiss.

## FACTS

Plaintiff notes that the Court has the operative complaint which sets out the relevant facts. Plaintiff refrains from unnecessarily re-stating those same facts here. However, Plaintiff notes that the memorandum of law in support of the motion to dismiss misstates the allegations in the complaint. To ensure clarity, Plaintiff notes the following misstatements and omissions in the memorandum of law.

1. Misstatement: Notably, all of the material facts related to this allegation – including, but not limited to (1) the names of the NYCHA top executives Plaintiff charges with providing false information (2) the date(s) on which the allegedly false information was provided; (3) the names of any recipients who were allegedly provided false information; (4) an explanation as to how or why the information provided by the unnamed NYCHA executives was "false", (5) the causal connection between the provision of allegedly false information and Plaintiff and her son losing their medical insurance, etc. – are conspicuously absent from the Complaint.

    a. Correction: Plaintiff made it clear in her amended the Amended Complaint that (1) the NYCHA top executives Plaintiff charges with providing false information are CEO and Chair Gregory Russ and

      General Manager Vito Mustaciuolo; (2) The date on which the allegedly false information was provided for the first time was in or around September, 2017. Between September 2017 and November 2017, the allegedly false information was provided repeatedly for several times, which caused Plaintiff to lose her insurance between November 1, 2017 and February 28, 2018, as well as between March 1 and May 31, 2019.; (3) the names of any recipients who were allegedly provided false information are a person who was from New York City Medicaid Office and the first name of whom is Catherine, Congresswoman Nydia Velazquez and her assistants, Jacqueline Xia and Iris Quinones; (4) The explanation as to how or why the information provided by the unnamed NYCHA executives was "false" was not clear because NYCHA never provided any formal explanations; (5) NYCHA reactivated Plaintiff's insurance with them after her employment was terminated, which caused Plaintiff to not be eligible for Medicaid. Plaintiff was stuck in the situation where she didn't have an insurance and vulnerable to potential charges of insurance scam due to the miscommunication between Medicaid office and NYCHA.

2. Misstatement: Plaintiff's Complaint conclusorily states Defendants Russ and Mustaciuolo "deliberately disrepair [sic]" her apartment and gave false information to the New York State Health Marketplace. However, these statements lack any specific factual allegations to meet the necessary pleading standards.

    a. Correction: As Plaintiff stated in the complaint, Defendants Russ and Mustaciuolo gave false information regarding Plaintiff's employment status to the New York State Health Market place. Between January 1,

      2018 and July 2019, Plaintiff's rent was around 50% of her monthly income, which was against the standard that a family should play no more than 30% of its household income on rent. Plaintiff called Iris Quinones and Jacqueline Xia who are aids to Congresswoman Nydia Velazquez to complain about the misinformation that led to the rent overcharge.

3. Misstatement: Plaintiff also makes the bald assertion Defendant Russ and Mustaciuolo "deliberately fail[ed]" to grant Plaintiff an emergency transfer of her NYCHA public housing apartment even though she was eligible for transfer as a victim of a crime and domestic violence. Plaintiff's allegations fail to comply with the pleading requirements of Iqbal because they lack any specific factual allegations attributing improper conduct.

    a. Correction: Plaintiff is informed and believes, and upon such information and belief, states that she is eligible for the emergency transfer as long as she was a victim of a crime and domestic violence and filed police reports. Victoria Padilla, the Director of Safe Horizon, and Karen Moye, a manager of NYC Housing Baruch Houses, were aware of Plaintiff's complaints that Defendants failed to grant Plaintiff emergency transfer even though she was eligible.

4. Misstatement: Plaintiff fails to allege facts showing Defendants Russ and Mustaciuolo's personal involvement in events that underly her claims. (i) "were involved in all the retaliation against plaintiff" (Third Am. Comp. (Dkt. No. 46) ¶ 33); (ii) "caused all other Defendants City and its [e]mployees neglected and retaliating against Plaintiff" (*id*. ¶¶ 37, 38); (iii) "led all the reprisals against Plaintiff" (*id*. ¶ 57); and (iv) "lead and involved in all other City Agencies retaliation against Plaintiff."

    5. Correction: As Plaintiff stated in the Amended Complaint, Defendants Russ and Mustaciuolo contacted Defendant Patrick Lynaugh who was a detective in charge

of Plaintiff's domestic violence case. Upon Plaintiff's information and belief, NYCHA Defendants asked Defendant Lynaugh to transfer Plaintiff's case to PSA 4 and have the case vacated. NYCHA defendants told Defendant Lynaugh that if Plaintiff continued to push them to catch the abuser, they would help abuser to get a protection order from PCT 75th. Defendant Lynaugh told Plaintiff that his boss Defendant Deputy Inspector Rhonda O' Reilly Boverll ordered him to file invalid police reports and retaliate against Plaintiff for suing NYCHA. Defendants Russ and Mustaciuolo were involved in the retaliation against Plaintiff and caused Defendants City and its employees neglected and retaliating against Plaintiff.

## ARGUMENT

Here, the defendants have raised various arguments against the causes of action Plaintiff alleged under federal and state law. Plaintiff asks the Court to construe the complaint liberally in considering its ruling. Plaintiff does not intend to waive or forfeit any of Plaintiff's causes of action.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny the motion to dismiss.

Dated: 4/27/2021

By: _____
Xiamin Zeng
Plaintiff *Pro Se*
110 Columbia Street, Apt 1A
New York, NY 10002
E: amyzane77@gmail.com

To:   VIA E-MAIL
Lauren L Esposito
*Attorney for Defendants*
New York City Housing Authority
90 Church Street, 11th floor
New York, New York 10007