UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────

XIAMIN ZENG,

       Plaintiff,

   v.

THE CITY OF NEW YORK, et al.,

       Defendants.
─────────────────────────────────

Index No. 20-cv-00451 (MKV)


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANTS GREG RUSS AND VITO MUSTACIUOLO'S
MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**


LISA BOVA-HIATT
Executive Vice President for Legal Affairs
and General Counsel
New York City Housing Authority
Attorney for Defendants Gregory Russ and
Vito Mustaciuolo
90 Church Street, 11th Floor
New York, New York 10007


Sean-Patrick Wilson
Lauren L. Esposito,
   Of Counsel

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ....................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT ...........................................................................................................................2

   I.   THE COMPLAINT FAILS TO STATE
      A CLAIM UNDER 42 USC 1983 ...............................................................................2

   II.   PLAINTIFF'S ALLEGATIONS OF DISCRIMINATION AND
       RETALIATION RELATED TO HER NYCHA EMPLOYMENT AND
       TERMINATION SHOULD BE DISMISSED AS DUPLICITIVE OF
       HER PENDING EMPLOYMENT ACTION ................................................................9

CONCLUSION .......................................................................................................................10

# TABLE OF AUTHORITIES

**page**

**Federal Cases**

*Arista Records, LLC v. Doe*, 604 F.3d 110 (2d Cir. 2010) ............................................................ 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................... 5, 8

*Black v. Coughlin*, 76 F.3d 72 (2d Cir. 1996) ............................................................................... 8

*Church of St. Paul & St. Andrew v. Barwick*, 67 N.Y.2d 510 (1986) ............................................ 7

*Gonzalez v. New York City Hous. Auth.*, 82 A.D.3d 511 (1st Dep't 2011) .................................... 7

*Izzo v City of New York*, 15 CIV. 07685 (RMB),
    2016 WL 4097845 (S.D.N.Y. July 12, 2016) ......................................................................... 8, 9

*Leeds v. Meltz,* 85 F.3d 51 (2d Cir.1996) ...................................................................................... 6

*Lipton v. County of Orange, NY*, 315 F Supp 2d 434 (S.D.N.Y. 2004) ...................................... 8, 9

*Lucente v. Int'l Bus. Machines Corp.,* 310 F.3d 243 (2d Cir.2002) .............................................. 4

*Nielsen v. Rabin*, 746 F.3d 58 (2d Cir. 2014) ............................................................................... 3

*O'Neill v. Hernandez*, 08CIV1689 (KMW), 2010 WL 1257512 (S.D.N.Y. Mar. 25, 2010) ......... 6

*Rayside v City of New York*, 17 CIV. 4447 (RA),
    2019 WL 1115669 (S.D.N.Y. Mar. 11, 2019) .......................................................................... 7

*Reddington v. Staten Island Univ. Hosp.,* 511 F.3d 126, 131 (2d Cir.2007) ................................ 6

*Thomas v. New York City Dept. of Educ.,* 938 F Supp 2d 314 (E.D.N.Y. 2013) .......................... 4

*Watergate II Apts. v. Buffalo Sewer Auth.*, 46 N.Y.2d 52 (1978) ................................................. 7

*Young Men's Christian Ass'n v. Rochester Pure Waters Dist.*, 37 N.Y.2d 371 (1975) ................ 7

**Statutes and Rules**

42 U.S.C. § 1983 ................................................................................................................... passim

Federal Rules of Civil Procedure 12(b)(6) ..................................................................................... 1

## PRELIMINARY STATEMENT

Defendants Gregory Russ and Vito Mustaciuolo (collectively, "Defendants Russ and Mustaciuolo") respectfully submit this memorandum of law in reply to the opposition of pro se Plaintiff Xiamin Zeng ("Plaintiff") and in further support of their motion to dismiss the Third Amended Complaint ("Complaint") of Plaintiff pursuant to Federal Rule of Civil Procedure 12(b)(6) and because the claims are duplicative of a separate pending federal action.

Defendants Russ and Mustaciuolo's motion argues Plaintiff's claims are defective and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Complaint fails to plead liability under 42 U.S.C. § 1983 against Defendants Russ and Mustaciuolo by not alleging Defendants Russ and Mustaciuolo were acting under color of state law and not plausibly showing Defendants Russ and Mustaciuolo were personally involved in any alleged wrongful conduct of City Defendants,[1] the denial of Plaintiff's request to transfer to a different public housing apartment, the disrepair of Plaintiff's apartment, falsely providing information to the NYS Health Marketplace, overcharging Plaintiff's rent, and the discrimination and retaliation related to Plaintiff's employment with the New York City Housing Authority ("NYCHA").

Rather than present any meaningful opposition to Defendants Russ and Mustaciuolo's arguments for dismissal, Plaintiff instead asks this Court to consider several additional facts – raised for the first time in Plaintiff's motion opposition brief – as supplementing her Third Amended Complaint, and further asks the Court adopt these newly-asserted facts as "corrections" to her operative pleading, a request ostensibly borne of Plaintiff's recognition that the allegations in her now thrice-amended pleading require further specificity for the sake of

---

[1]     City Defendants refers to all other defendants named in this action – a diverse group of public entities and/or servants that includes the City of New York, several individual NYPD and Correction Department officers, certain employees of ACS, a Child Protective Specialist, and both the Principal and Secretary of Plaintiff's son's school (PS 110).  This office does not represent City Defendants in this action.

clarity.  The Court need not – indeed *should* not – consider any new facts alleged in Plaintiff's opposition because Plaintiff has already amended her complaint multiple times pursuant to past orders of this Court.  In fact, over a year ago, this Court ordered Plaintiff to allege facts showing how Defendants Russ and Mustaciuolo were *personally* involved in events underlying her Section 1983 claims.  *See* Dckt No. 6.  Moreover, even if this Court were inclined to grant Plaintiff a de facto *Fourth* Amended Complaint by accepting any new facts asserted in her opposition brief as part of her operative pleading, the outcome of Defendants Russ and Mustaciuolo's motion would be unaffected.  This is because, as explained below, Plaintiff's so-called "corrections" fail to cure her pleading deficiencies under *Twombly, Iqbal*, and their progeny, and therefore fail to save Plaintiff's claims against Defendants Russ and Mustaciuolo from dismissal.

    In addition to Plaintiff's failure to allege facts sufficient to state any plausible claim against Defendants Russ and Mustaciuolo, the instant motion also argues any claims related to NYCHA's termination of Plaintiff's employment must be dismissed as duplicative of Plaintiff's claims asserted in her action currently pending before Judge Hellerstein in *Zeng v. NYCHA*, 18-cv-12008 (AKH) (the "Employment Action").  Plaintiff's opposition brief is conspicuously silent as to the issue of her election of remedies, and makes no attempt to rebut the arguments for dismissal raised in Defendants Russ and Mustaciuolo's motion.  Any claims arising from Plaintiff's termination from NYCHA have therefore been abandoned and are properly dismissed.

    For all these reasons, and for the reasons stated in their prior submissions, Defendants Russ and Mustaciuolo respectfully request the Court dismiss the Complaint in its entirety against them.

## ARGUMENT

### POINT I

### THE COMPLAINT FAILS TO STATE A CLAIM UNDER 42 USC § 1983

Defendants Russ and Mustaciuolo's motion argued the Complaint must be dismissed because it contains no allegations suggesting they were acting under the color of state law and *personally* involved in any violation of Plaintiff's rights, necessary elements of a § 1983 claim brought against individually-named defendants.

In opposition to the motion, Plaintiff asks the Court to read any new additional facts asserted in her opposition brief as supplementing her Third Amended Complaint.  *See* Plaintiff's Response in Opposition to Defendants' Motion to Dismiss, dated April 27, 2021 ("Opp. Br.") p. 1 (citing *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014)).  The Court should reject Plaintiff's request because her reliance on *Nielson v. Rabin* as support for her request for the Court to consider these new allegations is misplaced.  In *Nielsen,* the Court reversed a lower court decision dismissing the complaint of pro se plaintiff because it found the allegations in the complaint and the opposition brief sufficiently set forth the elements of the claim asserted.  In doing so the Court noted "'[a] pro se complaint should not be dismissed without the Court granting leave to amend *at least once* when a liberal reading of the complaint gives any indication that a valid claim might be stated.'"  *Nielsen*, 746 F.3d at 62 (internal citations omitted, emphasis added).  Here, Plaintiff has already amended her complaint three times.  Moreover, when this Court previously found Plaintiff had failed to allege any facts showing how Defendants Russ and Mustaciuolo were personally involved in the events underlying her claims, the Order granting leave to further amend expressly instructed Plaintiff to state facts explaining how Defendants Russ and Mustaciuolo personally violated her rights.  *See* Dckt No. 6.  Because

Plaintiff has already amended her complaint multiple times and has failed to follow an explicit Order of the Court to add specificity with respect to the personal involvement of Defendants Russ and Mustaciuolo, Plaintiff need not be provided another opportunity to amend her complaint by supplementing her allegations with her opposition brief. *See Thomas v. New York City Dept. of Educ.,* 938 F Supp 3d 314, 329 (E.D.N.Y. 2013) ("if a plaintiff 'has already been afforded the opportunity to amend this claim, he need not be ... afforded another such opportunity prior to dismissal.'") (internal citations omitted).

Even if the Court were to accept all of the new allegations raised in Plaintiff's opposition as true, and to interpret each of these new facts in a light most favorable to the Plaintiff, doing so would be futile because Plaintiff's claims still cannot withstand a motion to dismiss. *See Lucente v. Int'l Bus. Machines Corp.,* 310 F.3d 243, 258 (2d Cir.2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)."). Like her Complaint, Plaintiff's opposition, also fails to allege any facts in support of a claim that Defendants Russ and/or Mustaciuolo acted under the color of state law. For this reason alone, Plaintiff's new facts fail to cure the existing pleading deficiencies in the Complaint, rendering her § 1983 claim untenable.

The Complaint also fails to allege facts plausibly showing Defendants Russ and/or Mustaciuolo are individually liable for any alleged violation under 42 USC § 1983. The motion explained that while Plaintiff alleges Defendants Russ and Mustaciuolo are "Top Executives at NYCHA," she does not allege facts addressing whether, or to what extent, Defendants Russ and Mustaciuolo, in their official (or unofficial) capacities, acted to control, supervise, direct, or even so much as assist any of the City Defendants (including NYPD Detectives, Rikers Corrections Officers, Staff at the Department of Education and ACS and the BOE) in their alleged

violation(s) of Plaintiff's rights.  Moreover, it remains unclear how or why Defendants Russ and/or Mustaciuolo would be considered (i) grossly negligent in managing any of the City Defendants who allegedly committed unconstitutional acts against Plaintiff, (ii) responsible for creating or maintaining the policies under which these alleged unconstitutional acts occurred, or (iii) otherwise vicariously or transitively liable for failing to remedy the City Defendants' alleged wrongs (or being grossly indifferent to them), which is required to find an individual liable under 42 USC § 1983.

Plaintiff's opposition brief claims the motion "misstated" her allegations by claiming Plaintiff failed to "allege facts showing Defendants Russ and Mustaciuolo were personally involved in events that underly her claims" and asks the Court to accept her "correction" of the facts, which states, "on information and belief" that Defendants Russ and Mustaciuolo contacted Defendant Lynaugh, the detective in charge of Plaintiff's domestic violence case.  *See* Opp. Br. p. 4-5.  As an initial matter, while the *Twombly* plausibility standard does not prevent a plaintiff from pleading facts alleged "upon information and belief" where Plaintiff's belief is based on factual information that makes the inference of culpability plausible, *see Arista Records, LLC v. Doe*, 604 F.3d 110, 120 (2d Cir. 2010), applicable pleading standards still require Plaintiff to allege enough underlying facts to allow a plausible inference of liability in the context of her particular claim.  *Twombly* itself confirms this, given that plaintiff's complaint alleged an antitrust conspiracy based "on information and belief," but failed because it did not support that allegation with sufficient subsidiary factual allegations.  Such is the case here, where Plaintiff seems to be alleging the existence of a nefarious conspiracy between NYCHA's two top officials and an NYPD detective to punish Plaintiff and protect her domestic abuser in retaliation for

5

Plaintiff's filing of the Employment Action.[2]  No subsidiary factual "information" is alleged that would serve to substantiate Plaintiff's "belief" in a fanciful revenge fantasy plot that involves certain government officials and City agencies plotting collectively to target Plaintiff for mistreatment.

Even if any facts were alleged to support Plaintiff's belief that Defendants Russ and Mustaciuolo made statements to Defendants Lynaugh that involved her, it remains to be seen how such statements operated to violate Plaintiff's constitutional rights; to be sure, Plaintiff has not alleged how she was harmed by any of the statements attributed to Defendants Russ or Mustaciuolo.[3]

While the Complaint conclusorily alleges "Defendants Russ and Mustaciuolo were involved in the retaliation against Plaintiff and causes Defendants City and its employees neglected and retaliating against Plaintiff," Opp. Br. p. 5,  it is well settled such "bald assertions and conclusions of law that are wholly lacking in specific factual support… are insufficient to defeat a motion to dismiss." *O'Neill v Hernandez*, 08CIV1689 (KMW), 2010 WL 1257512, at *10 (S.D.N.Y. Mar. 25, 2010) citing *Reddington v. Staten Island Univ. Hosp.,* 511 F.3d 126, 131 (2d Cir.2007); *Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir.1996).

Another "correction" Plaintiff wishes to make to her Complaint is that "[b]etween January 1, 2018 and July 2019, Plaintiff's rent was around 50% of her monthly income, which was against the standard that a family should p[]ay no more than 30% of its household income

---

[2]    Specifically, Plaintiff alleges that "NYCHA Defendants" asked Defendant Lynaugh "to transfer Plaintiff's case to PSA 4 and have the case vacated" and told Defendant Lynaugh "that if Plaintiff continued to push them to catch the abuser, they would help abuser to get a protection order from PCT 75th."  Opp. Br. p. 5. Defense counsel notes that Plaintiff does not appear to attribute these alleged actions to Defendants Russ and Mustaciuolo *specifically*, but rather to NYCHA generally, and NYCHA is not a named party to this action.

[3]    Plaintiff further states Defendant Lynaugh told her "his boss Defendant Deputy Inspector Rhonda O'Riely Boverll ordered him to file invalid reports and retaliated against Plaintiff for suing NYCHA."  Opp. Br. p. 5. However, as this action is attributed only to Defendant O'Riely Boverll, the allegation does not help Plaintiff's claim that Defendants Russ and/or Mustaciuolo are individually liable under § 1983.

on rent." Opp. Br. pp. 3-4.  Even if true, one cannot plausibly infer from this additional

allegation that individual Defendants Russ and Mustaciuolo were *personally* involved in any

decisions or determinations involving Plaintiff's income-based rent calculations or should

otherwise be held liable for any alleged rent overcharges borne by Plaintiff.[4]

      Another purported "correction" to the Complaint asserts that Plaintiff "is eligible for the

emergency transfer" as "a victim of a crime and domestic violence" and that "Victoria Padilla,

the Director of Safe Horizon, and Karen Moye, a manager of NYC Housing Baruch Houses,

were aware of Plaintiff's complaints that Defendants failed to grant Plaintiff emergency transfer

even though she is eligible." Opp. Br. p. 4.  Even if true, these additional allegations fail to

support the claim that Defendants Russ and Mustaciuolo were personally involved in any denial

of Plaintiff's emergency transfer request.  At bottom, Plaintiff has failed to allege facts sufficient

to raise a plausible inference that defendants Russ and Mustaciuolo (i) participated directly in the

purported denial of her emergency transfer request, (ii) failed to remedy the wrong after being

informed of the act (or being grossly indifferent to it), (iii) created a policy or custom under

which the practice occurred, or (iv) were grossly negligent in managing NYCHA employees

(including Karen Moye) who allegedly committed unconstitutional acts against Plaintiff by

---

[4]      Moreover, to the extent Plaintiff is accusing NYCHA of improperly calculating her rent, this claim fails.
As an initial matter, Plaintiff has not named NYCHA as a defendant in this action.  Second, Plaintiff has not alleged
any facts suggesting she disputed NYCHA's calculation of her rent as required by NYCHA's grievance procedures.
See Grievance Procedures, available at https://www1.nyc.gov/assets/nycha/downloads/pdf/grievance-
procedure_040302.pdf (last accessed on May 4, 2021); Rayside v City of New York, 17 CIV. 4447 (RA), 2019 WL
1115669, at *2 n1 (S.D.N.Y. Mar. 11, 2019) (taking judicial notice of administrative grievance procedure, noting it
is a matter of public record and posted on the internet).  Accordingly, this claim should be dismissed for Plaintiff's
failure to exhaust her administrative remedies.  See Church of St. Paul & St. Andrew v. Barwick, 67 N.Y.2d 510,
520 (1986) ("the controversy cannot be ripe if the claimed harm may be prevented or significantly ameliorated by
further administrative action or by steps available to the complaining party"); Watergate II Apts. v. Buffalo Sewer
Auth., 46 N.Y.2d 52, 57 (1978) ("[I]t is hornbook law that one who objects to the act of an administrative agency
must exhaust available administrative remedies before being permitted to litigate in a court of law.") (citing Young
Men's Christian Ass'n v. Rochester Pure Waters Dist., 37 N.Y.2d 371, 375 (1975)); Gonzalez v. New York City
Hous. Auth., 82 A.D.3d 511, 512 (1st Dep't 2011) (lower court properly dismissed proceeding "for petitioner's
failure to exhaust his administrative remedies" where "petitioner did not file any grievance and respondent rendered
no determination").

failing to grant her emergency transfer; as required to find an individual liable under 42 USC §1983.  *See Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).

In a separate paragraph labeled "Correction," Plaintiff alleges additional facts related to her loss of medical insurance after her employment was terminated with NYCHA.  *See* Opp. Br. p. 3-4.  However, rather than provide an explanation as to how or why information provided by "unnamed NYCHA executives" (ostensibly referring to Defendants Russ and Mustaciuolo) was "false," Plaintiff states "it is not clear [why the information provided was false] because NYCHA never provided any formal explanation."  *See* Opp Br. p. 3.  In failing to explain how the information provided was false she has failed "to raise a right to relief above the speculative level . . ."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Moreover, because this claim is related to the termination of her employment with NYCHA and could have been brought in the Employment Action, now pending before Judge Hellerstein, this claim should be dismissed because it is duplicative of a prior pending action.  Plaintiff's opposition states no reason why she cannot litigate this claim in the Employment Action.

Plaintiff makes no rebuttal in opposition to the motion's argument that she has failed to state any facts supporting her belief that Defendants Russ and Mustaciuolo were personally involved in the "deliberately [sic] disrepair" of her apartment or with any of her claims of discrimination or retaliation related to her NYCHA employment.  Plaintiff's failure to respond to these arguments should be interpreted as an implied abandonment of these claims, to the extent such claims are not otherwise dismissed for failing to plausibly state a cause of action.  *See Izzo v City of New York*, 15 CIV. 07685 (RMB), 2016 WL 4097845, at *2 n3 (S.D.N.Y. July 12, 2016) (deeming certain claims abandoned because Plaintiff failed to set forth any arguments in opposition to defendant's motion to dismiss those claims); *Lipton v County of Orange, NY*, 315 F

Supp 2d 434, 446 (S.D.N.Y. 2004) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed. ").

For each and all of the foregoing reasons, Plaintiff's § 1983 claim against Defendants Russ and Mustaciuolo should be dismissed.

## POINT II

### PLAINTIFF'S ALLEGATIONS OF DISCRIMINATION AND RETALIATION RELATED TO HER NYCHA EMPLOYMENT AND TERMINATION SHOULD BE DISMISSED AS DUPLICATIVE OF HER PENDING EMPLOYMENT ACTION

Defendants Russ and Mustaciuolo's motion also argues Plaintiff's claims that non-party NYCHA discriminated against her based on her race and status as a victim of a crime and domestic violence should be dismissed as duplicative of claims Plaintiff is currently litigating in the Employment Action, a separate federal action pending before Judge Hellerstein of this Court. As Plaintiff has elected a different venue to pursue any remedies arising from those claims, the litigation or adjudication of any substantially similar claims asserted in the instant action would be a waste of judicial resources and give rise to the potential for inconsistent verdicts.

Plaintiff's opposition fails to respond to this argument, and therefore this Court can deem these claims abandoned in this action. *See Izzo* 2016 WL 4097845, at *2 n3; *Lipton,* 315 F Supp 2d at 446.

Accordingly, any purported claims of discrimination, retaliation, including rent overcharge and providing false information to the NYS Health Marketplace, or improper termination related to Plaintiff's employment with NYCHA should be dismissed as not only duplicative of the claims asserted in her prior federal action now pending before Judge Hellerstein but also as abandoned in this action because not addressed in Plaintiff's opposition.

## **CONCLUSION**

For the reasons set forth herein, and in their prior submissions, Defendants Russ and

Mustaciuolo respectfully request the Court grant their motion and dismiss the Complaint in its

entirety as to them, to deny the relief requested in the Complaint as to them, and to grant

Defendants Russ and Mustaciuolo such other and further relief as it deems just and proper.

Dated: New York, New York
      May 6, 2021

                              LISA BOVA-HIATT
                              Executive Vice President of Legal Affairs
                              and General Counsel
                              New York City Housing Authority
                              Attorney for Defendants Gregory Russ and
                              Vito Mustaciuolo
                              90 Church Street, 11th floor
                              New York, New York 10007
                              Tel. No.: (212) 776-5020

          By:             _____
                              Lauren L. Esposito
                              Lauren.Esposito@nycha.nyc.gov

Sean-Patrick Wilson
Lauren L. Esposito,
      Of Counsel