RECEIVED
SDNY PRO SE OFFICE
2025 APR 11  PM 12: 39

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Xiamin Zeng,**
Plaintiff,
v.
**City of New York, et al.,**
Defendants.

**Case No. 1:20-cv-00451-MKV**

**JOINT STATUS LETTER**
**VIA EMAIL (Plaintiff Pro Se) / VIA ECF (Counsel)**

Hon. **Mary Kay Vyskocil**
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

April 4, 2025

Dear Judge Vyskocil,

Pursuant to Your Honor's Order dated March 21, 2025 (ECF No. 80), directing the parties to submit a joint status letter by April 4, 2025, the undersigned respectfully provide this update on the status of the stay, case developments, settlement discussions, and proposed next steps in this action.

### I. PROCEDURAL BACKGROUND

Plaintiff **Xiamin Zeng** commenced this action on January 16, 2020 (ECF No. 1), alleging constitutional violations under 42 U.S.C. § 1983 and related claims against the **City of New York** and its agencies and officials (collectively, "**City Defendants**"), the **New York City Housing Authority** and its employees (collectively, "**NYCHA Defendants**"), and the **Administration for Children's Services** (ACS) and **Department of Education** (DOE) and their employees (collectively, "**ACS/DOE Defendants**"). The operative **Third Amended Complaint** was filed on March 1, 2021 (ECF No. 46).

On March 17, 2021, **City Defendants** filed a partial motion to dismiss (ECF No. 55), fully briefed by April 7, 2021 (ECF No. 61). On March 31, 2021, the Court stayed claims against **City Defendants** not addressed in their motion, pending its resolution (ECF No. 59). **NYCHA Defendants** moved to dismiss on April 9, 2021 (ECF No. 64), with initial briefing completed on

May 6, 2021 (ECF No. 67). Plaintiff filed a supplemental opposition on March 20, 2024 (ECF No. 75), which remains pending. No motions from **ACS/DOE Defendants** are currently pending. The **City** and **NYCHA** motions await resolution.

## II. STATUS OF THE STAY

**Plaintiff's Position**: Plaintiff submits that no formal stay currently governs this action in its entirety. The Court's March 31, 2021 Order (ECF No. 59) stayed only specific claims against **City Defendants** pending their motion to dismiss, a condition fulfilled upon full briefing on April 7, 2021 (ECF No. 61). Absent an extension, the stay has expired, as stays tied to motions lapse upon their intended purpose. See **Kashi v. Gratsos**, 790 F.2d 1050, 1057 (2d Cir. 1986). The three-year delay since **NYCHA**'s briefing concluded on March 20, 2024 (ECF No. 75) prejudices Plaintiff's due process rights under the **Fifth** and **Fourteenth Amendments**. See **Hilton v. Braunskill**, 481 U.S. 770, 776 (1987); **Louis Vuitton Malletier S.A. v. LY USA, Inc.**, 676 F.3d 83, 98 (2d Cir. 2012). This delay also contravenes Fed. R. Civ. P. 1's mandate for a "just, speedy, and inexpensive determination." Plaintiff requests the Court lift any perceived stay and proceed.

**City Defendants' Position**: **City Defendants** assert that the March 31, 2021 stay (ECF No. 59) remains in effect, pausing claims against them not addressed in their motion (ECF No. 61), pending judicial resolution. This preserves judicial economy, consistent with **Landis v. North American Co.**, 299 U.S. 248, 254 (1936), and Fed. R. Civ. P. 16(b). They defer to the Court's discretion.

**NYCHA Defendants' Position**: **NYCHA Defendants** contend that the March 31, 2021 stay (ECF No. 59) applies solely to **City Defendants** and does not encompass claims against them. They await a ruling on their motion to dismiss (ECF No. 64) and defer to the Court.

**ACS/DOE Defendants' Position**: **ACS/DOE Defendants** submit that the March 31, 2021 stay (ECF No. 59) does not apply to claims against them, as no motion is pending on their behalf. They defer to the Court's judgment.

## III. CASE DEVELOPMENTS

**Plaintiff's Position**: Briefing on **NYCHA Defendants'** motion concluded on March 20, 2024 (ECF No. 75), marking the latest milestone. Early exchanges from 2020-2022 revealed retaliatory conduct by **City, NYCHA,** and **ACS/DOE Defendants** following Plaintiff's prior discrimination suit, causing unlawful detention and permanent injuries (e.g., bilateral hearing loss, PTSD), actionable under 42 U.S.C. § 1983. See **Monell v. Dep't of Soc. Servs.**, 436 U.S. 658, 694 (1978). The lack of progress since March 2024 prejudices Plaintiff's rights, per **Louis Vuitton**, 676 F.3d at 98.

**City Defendants' Position**: **City Defendants** note no substantive developments since their motion was briefed on April 7, 2021 (ECF No. 61). They assert Plaintiff's March 20, 2024 filing

(ECF No. 75) was untimely under the Court's May 6, 2021 deadline (ECF No. 59), per Fed. R. Civ. P. 6(b)(1)(B), and maintain the stay ensures procedural order.

**NYCHA Defendants' Position**: **NYCHA Defendants** confirm briefing on their motion concluded on March 20, 2024 (ECF No. 75), and they await the Court's ruling under Fed. R. Civ. P. 12(b)(6).

**ACS/DOE Defendants' Position**: **ACS/DOE Defendants** report no material developments and defer to the Court's management.

### IV. SETTLEMENT NEGOTIATIONS

**Plaintiff's Position**: No settlement discussions have occurred. Plaintiff declines to negotiate absent **Defendants'** admission of liability for her injuries—permanent hearing loss, fainting spells, PTSD, anxiety, and depression—entitling her to damages under 42 U.S.C. § 1983. See **Carey v. Piphus**, 435 U.S. 247, 254 (1978). She prioritizes litigation to vindicate her rights.

**City Defendants' Position**: **City Defendants** confirm no settlement efforts have occurred, maintain their defenses, and defer to the Court, per **Landis**, 299 U.S. at 254.

**NYCHA Defendants' Position**: **NYCHA Defendants** report no settlement discussions and await a ruling on their motion (ECF No. 64).

**ACS/DOE Defendants' Position**: **ACS/DOE Defendants** state no settlement talks have taken place and defer to the Court.

### V. PROPOSED NEXT STEPS

**Plaintiff's Position**: Plaintiff requests rulings on the pending motions (ECF Nos. 61, 75) to advance the case, as prolonged delay undermines Fed. R. Civ. P. 16(b) and equitable principles. See **Landis**, 299 U.S. at 254-55. Alternatively, she proposes a telephonic status conference within 30 days to ensure Fed. R. Civ. P. 1 compliance.

**City Defendants' Position**: **City Defendants** await the Court's ruling on their motion (ECF No. 61) and propose no further steps, citing judicial economy under **Landis**, 299 U.S. at 254.

**NYCHA Defendants' Position**: **NYCHA Defendants** await a decision on their motion (ECF No. 64) and defer to the Court.

**ACS/DOE Defendants' Position**: **ACS/DOE Defendants** propose no additional steps and defer to the Court.

The parties stand ready to assist the Court as needed.

Respectfully submitted,

*/s/*

**Xiamin Zeng**
Plaintiff Pro Se
amyzane77@gmail.com
(Via Email)

**To:**
**Zoe N. Reszytniak**
Counsel for **City Defendants**
zreszytn@law.nyc.gov
**Hanh Le**
Counsel for **NYCHA Defendants**
hanh.le@nycha.nyc.gov
**Andrew J. Rauchberg**
Counsel for **ACS/DOE Defendants**
arauchbe@law.nyc.gov

**CC:** All Counsel of Record (via ECF)