UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**Xiamin Zeng**,

Plaintiff,

v.

**City of New York, et al**.,

Defendants.

**Case No. 1:20-cv-00451-MKV**

**JOINT STATUS LETTER**

**VIA EMAIL**

**Hon. Mary Kay Vyskocil**

United States District Judge

Southern District of New York

500 Pearl Street

New York, NY 10007

**April 14, 2025**

Dear Judge Vyskocil,

Zeng v. City of New York, et al., Case No. 1:20-cv-00451-MKV

Pursuant to Your Honor's Order dated March 21, 2025 (ECF No. 80), directing a joint status letter by April 4, 2025, the parties submit this update on the stay, case developments, settlement discussions, and proposed next steps. Plaintiff emailed Defendants' counsel on March 31, 2025, to coordinate. City Defendants provided input; NYCHA and ACS/DOE counsel did not respond. This letter supersedes submissions on April 4, 9, and 11, 2025, correcting technical errors for accuracy.

## I. Procedural Background

Plaintiff Xiamin Zeng filed this action on January 16, 2020 (ECF No. 1), alleging violations of 42 U.S.C. § 1983 against the City of New York, NYPD, and DOC officials ("City Defendants"), New York City Housing Authority employees ("NYCHA Defendants"), and Administration for Children's Services and Department of Education employees ("ACS/DOE Defendants"). The claims stem from alleged retaliation and a wrongful 10-day detention following Plaintiff's victory in Xiamin Zeng v. NYCHA, 18-cv-12008 (2d Cir. 2020), which secured relief for employment discrimination. The Third Amended Complaint was filed March 1, 2021 (ECF No. 46).

City Defendants moved to dismiss in part on March 17, 2021 (ECF No. 55), fully briefed by April 7, 2021 (ECF No. 61). The Court stayed claims against City Defendants not subject to the motion on March 31, 2021 (ECF No. 59), pending resolution. NYCHA Defendants moved to dismiss on April 9, 2021 (ECF No. 64), briefed by May 6, 2021 (ECF No. 67). Plaintiff filed a

supplemental opposition on March 20, 2024 (ECF No. 75). No ACS/DOE motions are pending. Both motions await rulings.

## II. Status of the Stay

**Plaintiff's Position:** The March 31, 2021 stay (ECF No. 59) expired upon briefing completion on April 7, 2021 (ECF No. 61), as stays tied to motions lapse absent extension. Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986); Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000). Continued delay risks evidence and witness loss, violating Plaintiff's Fourteenth Amendment due process rights. Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 98 (2d Cir. 2012). Plaintiff requests confirmation of expiration or lifting of the stay to proceed with discovery and trial.

**City Defendants' Position:** The stay remains until their motion (ECF No. 55) is resolved, promoting judicial economy. Landis v. North American Co., 299 U.S. 248, 254 (1936). They deem Plaintiff's March 20, 2024 filing (ECF No. 75) untimely, seeking a ruling to clarify claims.

**Plaintiff's Response:** The March 20, 2024 filing was permissible under the Court's authority. Dietz v. Bouldin, 579 U.S. 40, 47 (2016). The stay's purpose—motion briefing—concluded, making extension prejudicial.

**NYCHA Defendants' Position:** The stay applies only to City Defendants. They await their motion's ruling (ECF No. 64), citing a 2023 settlement in Xiamin Zeng v. NYCHA,

3

18-cv-12008, where Plaintiff signed a release discharging NYCHA from all claims, urging withdrawal or supplementation.

**Plaintiff's Response:** The 2023 release covers only 18-cv-12008's employment claims, not this case's § 1983 claims for post-2018 retaliation and detention. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 381 (1994). Plaintiff opposes supplementation absent discovery verifying the release's scope.

**ACS/DOE Defendants' Position:** The stay does not apply to them; they defer to the Court.

### III. Case Developments

**Plaintiff's Position:** Discovery (2020-2022) uncovered Defendants' retaliation post-Xiamin Zeng v. NYCHA, including a 10-day detention involving physical abuse, denial of food, water, and sleep, confinement in an airless solitary cell, racial slurs, and hospitalization after fainting at Elmhurst Hospital. This caused bilateral hearing loss, frequent dizziness and falls, chronic pain requiring long-term therapy, severe anxiety, depression, and PTSD, actionable under § 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Delay since 2024 exacerbates evidence loss. Louis Vuitton, 676 F.3d at 98.

**City Defendants' Position:** No developments since April 7, 2021 (ECF No. 61). They maintain the March 20, 2024 filing's untimeliness justifies the stay.

**NYCHA Defendants' Position:** Briefing ended March 20, 2024 (ECF No. 75). They reiterate the 2023 release bars claims, alleging Plaintiff's breach by not withdrawing.

**ACS/DOE Defendants' Position:** No developments; they defer to the Court.

### IV. Settlement Negotiations

**Plaintiff's Position:** No discussions have occurred. Plaintiff is open to mediation under 28 U.S.C. § 636, provided Defendants acknowledge liability for injuries—bilateral hearing loss, dizziness, falls, chronic pain, therapy, anxiety, depression, PTSD—from the retaliatory detention (abuse, no food/water/sleep, airless cell, racial slurs, hospitalization). Carey v. Piphus, 435 U.S. 247, 254 (1978). Absent this, Plaintiff prioritizes litigation.

**City Defendants' Position:** No settlement efforts; they uphold defenses and defer to the Court.

**NYCHA Defendants' Position:** No talks; they claim the 2023 release resolves liability.

**ACS/DOE Defendants' Position:** No discussions; they defer to the Court.

### V. Proposed Next Steps

Zeng v. City of New York, et al., Case No. 1:20-cv-00451-MKV

**Plaintiff's Position:** Plaintiff urges rulings on pending motions (ECF Nos. 55, 64, 75) to advance discovery and trial, as delay undermines justice. Landis, 299 U.S. at 254-55. Alternatively, she requests a telephonic conference within 30 days to set a schedule.

**City Defendants' Position:** They seek a ruling on their motion (ECF No. 55) and continued stay.

**NYCHA Defendants' Position:** They request a decision on their motion (ECF No. 64) or leave to supplement based on the 2023 release.

**ACS/DOE Defendants' Position:** They propose no steps, deferring to the Court.

The parties thank the Court for its guidance and stand ready to assist.

\*\*\*

**Respectfully submitted**,

_____

**Xiamin Zeng**

Plaintiff Pro Se

110 Columbia Street, Apt 1A

New York, NY 10002

929-257-1509

amyzane77@gmail.com



_____

**Zoe N. Reszytniak**

Assistant Corporation Counsel

Counsel for City Defendants

zreszytn@law.nyc.gov

[Note: The City Defendants' position (Sections II-V) is based on input provided during coordination on March 31 and April 3, 2025. Plaintiff copied April 4, 9, and 11, 2025 drafts to all counsel. Due to time constraints, Ms. Reszytniak's signature was not re-confirmed for the April 14, 2025 submission.]

[NYCHA Defendants' Counsel: **Hanh Le**, hanh.le@nycha.nyc.gov. No signature provided due to no response to Plaintiff's March 31, 2025 coordination request.]

7

[ACS/DOE Defendants' Counsel: **Andrew J. Rauchberg**, arauchbe@law.nyc.gov. No signature provided due to no response to Plaintiff's March 31, 2025 coordination request.]

**CC**:

**Zoe N. Reszytniak**, Counsel for City Defendants (zreszytn@law.nyc.gov)

**Hanh Le**, Counsel for NYCHA Defendants (hanh.le@nycha.nyc.gov)

**Andrew J. Rauchberg**, Counsel for ACS/DOE Defendants (arauchbe@law.nyc.gov)